IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK CHAVEZ,

    Plaintiff,

v.                                                              CIV 04-288 KBM

SOCIAL SECURITY
ADMINISTRATION'S OFFICE,[1]
Commissioner of Social Security,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    Plaintiff filed a Complaint in state court alleging that he is disabled and that "due to Plaintiffs (sic) disabilities he is unable to complete the aplication (sic) process for social security disability/suplemental benifits (sic)." *Doc. 1* (attachment). He asserts the "local social security office's application process is difficult for Plaintiff to complete[.] The Defendants made no acomidations (sic) for Plaintiff [and] "discriminated against [him]." *Id.* He asks for relief in the form of an order to Defendant to "make accomidations (sic) for Plaintiff." *Id.* Plaintiff has not filed a consent to proceed before me under 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b).

    Defendant removed the matter to this Court, consented to proceed before me, and filed a motion to dismiss. *See Docs. 2, 3, 4.* Defendant construes Plaintiff's claim as a belated and/or second attempt to appeal a denial of benefits. For example, in a prior suit, Plaintiff belatedly

---

[1] As noted in other pleadings, the proper defendant is Jo Anne B. Barnhart, Commissioner of Social Security.

sought review of an Administrative Law Judge's decision denying benefits, and that action was dismissed as untimely. *See Chaves v. Barhnart,* CIV 02-870 MCA/DJS. Meanwhile, Plaintiff also filed another application for benefits with the Administration in May 2002. When that application was denied initially in October 2002, he did not seek further review. Defendant takes the position that because Plaintiff has not exhausted his administrative remedies with regard to the second application, that this action should be dismissed for lack of jurisdiction.

Defendant does not address Plaintiff's allegations of "discrimination." Nevertheless, in an earlier order I required Plaintiff to respond to the motion no later than April 19, 2004, and advised him that failure to do so could result in dismissal. The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) *see also* FED. R. CIV. P. 41(b); *Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court). To-date Plaintiff has failed to respond to the Court's order.

Wherefore,

**IT IS HEREBY RECOMMENDED** that based on Petitioner's failure to comply with my prior order, this action be assigned to a District Judge after the time for objections has passed, and the action dismissed without prejudice for failure to prosecute.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A**

**party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE